NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 3, 2010
Decided September 1, 2010

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 10-1067

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois. |
| *v.* | No. 08-cr-30070 |
| MAX W. WATKINS, *Defendant-Appellant.* | Jeanne E. Scott, *Judge.* |

**O R D E R**

Max Watkins was found guilty by a jury of wire fraud, 18 U.S.C. § 1343, and was sentenced to a total of 70 months' imprisonment. In this direct appeal, he challenges only the reasonableness of the prison term.

Watkins was a salesman at a car dealership and ran a scam that increased his sales and thus his commissions. He increased his sales by targeting unsophisticated buyers whose credit rating should have precluded them from qualifying for financing. In order to get approval for a credit sale, Watkins obtained a signed personal check from the buyer with the amount left blank. Sometimes he told the buyer that he would fill in the necessary amount, while other times he said he would not process the check and that he just needed it for credit verification. Watkins would then complete the check for a large figure to cover

the sales price or a significant down payment, knowing there were insufficient funds in the account, and run the check through one of two services that verify and guarantee checks and process payments. If the check service did not approve the check, Watkins would re-submit the check at a later date, sometimes modifying the name or amount or identification of the account holder, in the hope of it slipping by and getting approved. After Watkins obtained approval, he would transfer ownership and allow the buyer to depart with the vehicle. Watkins told the buyer to arrange payment of any outstanding balance with the check service if contacted by the service. This was the scheme in general, although it was executed with minor variations. Eventually the check services, which were on the hook for the financing, realized that the checks were bouncing, and one of the services alerted the authorities.

At sentencing, and in his sentencing memorandum, Watkins's attorney argued in mitigation that Watkins was raised by an abusive father and had an addiction to money. In addition, his attorney argued that Watkins's imprisonment would be a hardship on his family as his wife was dyslexic, had Bell's palsy, and did not work. Furthermore, his attorney noted that Watkins was 66 years old with high blood pressure, restless leg syndrome, and an anxiety disorder.

In deciding on an appropriate sentence, the district court noted that Watkins had a history of fraud, with both federal and state convictions. The court was especially incensed because Watkins preyed on the vulnerable. But the court acknowledged Watkins's argument that his imprisonment would be hard on his family and noted that Watkins was not young and had health problems. Balancing these considerations, the court concluded that a prison term within the guidelines range of 57 to 71 months, but near the high end, was appropriate.

On appeal Watkins argues that his prison term is unreasonable in light of the mitigating factors he cited at sentencing. (Watkins had also contended that the district court miscalculated the amount of loss from his scheme, but he abandoned that position at oral argument.) Watkins's prison term is presumptively reasonable because it falls within the guidelines range. *See Rita v. United States*, 551 U.S. 338, 347-51 (2007); *United States v. Portman*, 599 F.3d 633, 636 (7th Cir. 2010). We are presented with no reason to disturb that presumption. The district court acknowledged Watkins's arguments in mitigation, but concluded simply that they did not warrant a lower sentence.

AFFIRMED.